**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **NO. 1:09-CR-00476 AWI** |
| **Plaintiff,** | **ORDER DIRECTING DEFENDANT TO PAY RESTITUTION** |
| **v.** | |
| **KENYON GRAHAM REYNOLDS,** | |
| **Defendant**. | |

**BACKGROUND**

On January 29, 2011, Defendant Kenyon Graham Reynolds pled guilty to a violation of 18 U.S.C. § 2252(a)(2) – Receipt or Distribution of Material Involving the Sexual Exploitation of Minors ("receipt/distribution of child pornography").  On May 16, 2011, the court sentenced Defendant to 300 months custody in the Bureau of Prisons, lifetime supervised release, and $100 penalty assessment.

Two victims of child pornography have requested restitution from Defendant.    At issue is whether the court must award restitution and the amount of restitution the court should award to the victims under 18 U.S.C. § 2259.

///

///

///

**LEGAL STANDARD**

A restitution order is reviewed for abuse of discretion if it is within the bounds of the statutory framework. United States v. Waknine, 543 F.3d 546, 555 (9th Cir. 2008); United States v. Gordon, 393 F.3d 1044, 1051 (9th Cir. 2004); United States v. Hackett, 311 F.3d 989, 991 (9th Cir. 2002). Factual findings supporting an order of restitution are reviewed for clear error. Waknine, 543 F.3d at 555; Gordon, 393 F.3d at 1051. The legality of an order of restitution is reviewed de novo. Waknine, 543 F.3d at 555; Gordon, 393 F.3d at 1051.

Under 18 U.S.C. § 3664, the court must resolve any dispute as to the proper amount of restitution by a preponderance of the evidence. 18 U.S.C. § 3664(e); United States v. Waknine, 543 F.3d 546, 556 (9th Cir. 2008). The government bears the burden of proving: (1) that a person or entity is a victim for purposes of restitution; and (2) the amount of the loss. Waknine, 543 F. 3d at 556; United States v. Peterson, 538 F.3d 1064, 1075 (9th Cir. 2008); see also 18 U.S.C. § 3664(e). While the court is not required to make explicit findings to justify its restitution order, the Ninth Circuit has found that specific findings of fact are necessary at times and the district court must set forth an explanation of its reasoning, supported by the record, when a dispute arises as to the proper amount of restitution. Waknine, 543 F. 3d at 556.

**DISCUSSION**

The victims seek restitution under 18 U.S.C. § 2259, which specifically governs restitution in receipt/distribution of child pornography cases under Section 2252(a)(2). Section 2259 provides as follows:

> **(a) In general.**--Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter.
>
> **(b) Scope and nature of order.--**
> **(1) Directions.--**The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court pursuant to paragraph (2).
> **(2) Enforcement.--**An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.

2

**(3) Definition.**--For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for--

   **(A)** medical services relating to physical, psychiatric, or psychological care;

   **(B)** physical and occupational therapy or rehabilitation;

   **(C)** necessary transportation, temporary housing, and child care expenses;

   **(D)** lost income;

   **(E)** attorneys' fees, as well as other costs incurred; and

   **(F)** any other losses suffered by the victim as a proximate result of the offense.

**(4) Order mandatory.--(A)** The issuance of a restitution order under this section is mandatory.

**(B)** A court may not decline to issue an order under this section because of--

   **(i)** the economic circumstances of the defendant; or

   **(ii)** the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.

**(c) Definition.**--For purposes of this section, the term "victim" means the individual harmed as a result of a commission of a crime under this chapter, including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, but in no event shall the defendant be named as such representative or guardian.

18 U.S.C. § 2259.

**A.  Mandatory Nature of Restitution**

From the statute it is clear that restitution is mandatory for any offense in the chapter, including all offenses under Section 2252, such as receipt/distribution of child pornography. Given that the language of Section 2259 reads: "The issuance of a restitution order under this section is mandatory", the court is required to award restitution.  See  18 U.S.C. § 2259(b)(4)(A).

**B.  Victims of Defendant's Conduct**

The government has provided evidence that some of the images Defendant possessed were of Victim Vicky and Victim Amy.    What is in dispute is whether Victim Vicky and/or Victim Amy are victims of Defendant's receipt/distribution, and if they are, the amount of losses

incurred by them as a result of Defendant's receipt/distribution.

A finding that both Victim Vicky and Victim Amy are the victims in the crime Defendant's was convicted of is supported by case law.    In 1982 the Supreme Court upheld child pornography laws, making the following findings:

> We shall not second-guess this legislative judgment. Respondent has not intimated that we do so. Suffice it to say that virtually all of the States and the United States have passed legislation proscribing the production of or otherwise combating "child pornography." The legislative judgment, as well as the judgment found in the relevant literature, is that the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child.   That judgment, we think, easily passes muster under the First Amendment.

New York v. Ferber, 458 U.S. 747, 758 (1982).   Citing numerous scientific studies, the Supreme Court further found:

> "[T]he use of children as ... subjects of pornographic materials is very harmful to both the children and the society as a whole." S.Rep.No. 95-438, p. 5 (1977), U.S.Code Cong. & Admin.News 1978, p. 42.   It has been found that sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults. Sexual molestation by adults is often involved in the production of child sexual performances. When such performances are recorded and distributed, the child's privacy interests are also invaded.
> . . . .
> "[P]ornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography."

Ferber, 548 U.S. at 758 n.9 & 759 n.10  (internal cites to scholarly journals omitted).

The Ninth Circuit more recently discussed who the "victim" is in a child pornography case.   In United States v. Boos, 127 F.3d 1207 (9th Cir. 1997), the defendant was convicted of conspiracy to distribute or to receive child pornography under 18 U.S.C. § 371 and distribution of child pornography under 18 U.S.C. § 2252(a)(1).    At issue was the definition of "victim" for purposes of the Federal Sentencing Guidelines.    The Ninth Circuit found:

> . . . with regard to the distribution of child pornography, the "person[s] who [are] directly and most seriously affected," and are "therefore identifiable as the

4

1    victim[s]," are the children who perform the pornographic acts.

2        Moreover, quite unlike the drug and immigration offenses mentioned in
     the Note-which are "victimless" crimes in the sense that the harm that they
3    produce is spread evenly throughout society-the harm caused by the distribution of
     child pornography is concentrated. It is visited upon a single individual or discrete
4    group of individuals, namely, the child or children used in the production of the
     pornographic material. The child pornographer simply cannot be analogized to the
5    garden-variety drug user convicted under 21 U.S.C. § 844(a) of possessing a
     controlled substance, who is, practically speaking, his own victim. The child
     pornographer victimizes not himself, but children.

6

7    Boos, 127 F.3d at 1210.   After reviewing both the Sentencing Guidelines' and a dictionary's

8    definitions of "victim", the Ninth Circuit stated that "it seems to us scarcely debatable that the

9    children depicted – many as young as 5 years old – were the primary "victims" of Boos's criminal

10   conduct".   Id.   The Ninth Circuit concluded that: "the legislative history, when viewed in its

11   entirety, confirms the conclusion that the primary "victims" that Congress sought to protect by

12   enacting § 2252 were, in fact, the children involved in the production of pornography."   Boos,

13   127 F.3d at 1211.   Other Circuits have reached similar results.   See, e.g., United States v.

14   Sherman  268 F.3d 539, 544 (7th Cir. 2001) (declining to draw any distinction between the crime

15   of producing child pornography and the crimes of distributing or receiving child pornography in

16   determining who was the primary or direct victim of the crime); United States v. Tillmon, 195

17   F.3d 640, 643 (11th Cir. 1999) (stating that legislative history of 18 U.S.C. § 2252 makes clear

18   the primary objective of the statute is to lessen harm suffered by children who are involved);

19   United States v. Norris, 159 F.3d 926, 930 (5th Cir. 1998)(finding that even passive consumer

20   who merely receives or possesses the images directly contributes to continuing victimization and

21   "the mere existence of child pornography represents an invasion of the privacy of the child

22   depicted"); United States v. Hibbler, 159 F.3d 233, 236-37 (6th Cir. 1998) ("children depicted in

23   the pornography possessed and shipped by a defendant are the primary victims of the crimes of

24   possession and distribution").

25       The court has before it evidence that Victim Vicky has between $126,365 to $ 128,005 in

26   special damages for medical, psychological, and psychiatric expenses for care she will receive.

27

28                                        5

The court has before it evidence that Victim Amy has current and future damages of $3,367,854 or $2,855,173, plus $16,980 in witness fees, attorney's fees, and costs.   The court has received evidence that both victims have been harmed by the people who have viewed their images. Given the case authority and the specific evidence provided by the victims, it has been shown that a defendant possessing Victim Vicky's and Victim Amy's images has caused harm to them.

**C.  Causation**

From the case law it is clear that the court must find causation before awarding a restitution amount in favor of Victim Vicky and Victim Amy.   Section 2259 provides that the victim must have been "harmed as a result of the commission of a crime under this chapter", such as Section 2252.  See 18 U.S.C. § 2259(c).  The Ninth Circuit has interpreted Section 2252 to require that there be a "causal connection between the offense of conviction and the victim's harm."  United States v. Laney, 189 F.3d 954, 965 (9th Cir. 1999).   However, neither the Ninth Circuit nor other circuits addressing restitution orders under Section 2259 have imposed a requirement of causation approaching mathematical precision.  United States v. Doe, 488 F.3d 1154, 1160 (9th Cir. 2007).   The Ninth Circuit "will uphold an award of restitution under Section 2259 if the district court is able to estimate, based upon facts in the record, the amount of victim's loss with some reasonable certainty."  Id.

The problem in this case is with the government's ability to prove the causal connection between Defendant's receipt/distribution of child pornography and the amount of harm he caused to  these victims.   The only monetary figure provided to the court is the total amount of the victims' harm, not the harm Defendant caused a particular victim.   Section 2259 leaves the court in a legal quandary:   The court must award restitution and the government must show the harm caused by Defendant, but it is difficult to determine the amount of harm caused by Defendant.

In resolving the difficult determination before the court, the court has reviewed related laws concerning receipt/distribution of child pornography.   The closest Congress has come to providing a formula for determining restitution amounts is in the civil remedies Congress made

available to victims of Section 2252 violations.   Title 18 U.S.C. § 2255 provides a civil remedy

for personal injuries caused by sexual exploitation of children, including violations of Section

2252.   Section 2255 provides:

> **(a) In general.**--Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

18 U.S.C.A. § 2255(a).   In a suit brought under Section 2255 it appears the victim does not have

to prove the exact amount of damage a specific defendant caused the victim.   Section 2255

requires the victim to show she suffered personal injury.   Having shown an injury, the victim

recovers the actual damages she sustains.   Apparently realizing that the victim will have a

difficult time proving the exact amount of damage a particular possessor or distributor has

caused, Congress has set forth the amount of damages:   Any victim that has suffered personal

injury as a result of the violation, including Section 2252 violations, "***shall be deemed to have

sustained damages of no less than $150,00 in value***".   18 U.S.C.A. § 2255(a) (emphasis

added).[1]

Based on Congress's decision that a victim is damaged a minimum of $150,000 for any

violation of Section 2252, the court has been given some guidance on the amount Congress

believes is the minimal amount of damages stemming from child pornography.   Because

Congress has already determined that $150,000 is the deemed damages amount for any Section

2252 violation, the court finds that any restitution amount under $150,000 will generally be

reasonable.

---

[1]  Prior to July 27, 2006, the last sentence in Section 2255(a) read: "Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $50,000 in value."   Under the civil statute, the minimum restitution amount for any violation of Section 2252 is $150,000 for violations occurring after July 27, 2006 and $50,000 for violations occurring prior to $50,000.

The court declines to award the full amount of $150,000 in restitution to a child pornography victim for several reasons.   The ordinary meaning given to the word "restitution" is to restore someone to the position she occupied before a particular event.   Hughey v. United States, 495 U.S. 411, 416 (1990). "The purpose of restitution is to make the victims whole while the Sentencing Guidelines serve a punitive purpose."   United States v. Crandall, 525 F.3d 907, 916 (9th Cir. 2008); United States v. Brock-Davis, 504 F.3d 991, 998 (9th Cir. 2007).   While Section 2259 concerns restitution, Section 2255 discusses damages.   Restitution and the total amount of damages are not always the same thing.   See, e.g., United States v. Barnette, 10 F.3d 1553, 1556 (11th Cir.1994); Restatement (Second) of Contracts § 344; Restatement of Restitution, chapter 8, topic 2, at 595-96.   In addition, Section 2255 provides for deemed damages in the amount of $150,000 for violations ranging from possession of child pornography in violation of Section 2252(a)(4)(B) to selling children for purposes of sexually explicit conduct in violation of Section 2251A and to sexual abuse in violation of Section 2242 and Section 2243.  The broad range of crimes for which $150,000 is the deemed damages lends support to a finding that a defendant who received/distributed child pornography caused the victim less than $150,000 in harm.

The court finds that $3,000 should be awarded as restitution in favor of Victim Vicky and $3,000 should be awarded as restitution in favor of Victim Amy.   This amount is two percent of the $150,000 amount reflected in Section 2255.  Given the high amount of the deemed damages in Section 2255, the court finds an amount less than $3,000 inconsistent with Congress's findings on the harm to children victims of child pornography.   At the same time, the court finds $3,000 is a level of restitution that the court is confident is somewhat less than the actual harm this particular defendant caused each victim, resolving any due process concerns.

///

///

///

8

Under 18 U.S.C. Section 3664(h) the court may apportion liability among defendants to reflect the level of contribution to the victim's loss.   Thus, to the extent Section 3664(h) does apply, the court exercises its discretion and apportions Defendant's liability to Victim Vicky at $3,000 and Victim Amy at $3,000.

**E. Windfall to the Victims**

An argument might be raised that ordering restitution to a victim will eventually result in a windfall to some victims.   It is true Victim Vicky and Victim Amy may receive restitution orders requiring numerous defendants to pay them restitution.   Theoretically, at some point, it is possible the victims will obtain more money in restitution than their actual harm.   Section 2256(b)(4)(B) provides that the court may not decline to issue an order of restitution because the victim has or is entitled to receive compensation for her injuries from the proceeds of insurance or any other source.   The court may not decline to order restitution based on the fact the victim has or is entitled to receive compensation from "any other source".   "[A]ny other source" would include restitution from defendants in other cases.   Regardless, this court is not currently faced with the situation of a victim asking for restitution when other defendants around the country have already paid her more than her actual harm.   Thus, the court finds any "windfall" argument to be unpersuasive.

**CONCLUSION**

Accordingly, the court ORDERS that:

        1.      Victim Amy is entitled to restitution in the amount of $3,000;

        2.      Victim Vicky is entitled to restitution in the amount of $3,000; and

        3.      The judgement in this action SHALL reflect these restitution amounts.

IT IS SO ORDERED.

Dated:    May 17, 2011                     

                           CHIEF UNITED STATES DISTRICT JUDGE